13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas R. SLIGAR, Plaintiff-Appellant,
v.
Ron CHAMPION, Defendant-Appellee.
 No. 93-5051.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant, Thomas Sligar, appeals from the district court's dismissal of his 42 U.S.C.1983 civil rights action as frivolous under 28 U.S.C.1915(d). Sligar is a prisoner in an Oklahoma State corrections facility. He claims that his religious beliefs require him to wear long hair and refrain from shaving.
 
 
 3
 The Oklahoma prison requires those incarcerated to abide by a grooming code. The prison allows for exceptions to the grooming code in cases in which the prisoner has a sincere religious belief that would be compromised by cutting his hair or shaving. In order to receive an exemption, a prisoner must apply to a prison grooming committee and include an essay that explains the reasons for requesting the exemption and establishes religious need and sincerity. The three-person grooming committee at the prison reviews the application, and is supposed to grant an exemption if they find that the inmate has a sincere and meaningful religious belief that would be compromised by grooming.
 
 
 4
 Sligar, who desired an exemption from the grooming code, filed a 1983 action in the Northern District of Oklahoma and an application for an exemption to the prison grooming committee on the same day. Since Sligar refuses to submit the required essay, the prison has taken no action on his application for exemption.
 
 
 5
 In his pro se complaint to the federal district court, Sligar alleged that the prison's administrative process that inquired into the sincerity of his beliefs violated his First Amendment rights to the free exercise of his religion, his due process rights under the Fourteenth Amendment, and was an insult to him. He also claimed that the grooming code violated his religious free exercise rights by requiring shaving and haircuts. In addition, he claims that he has been denied equal protection under the law because black and native American inmates are granted exemptions more freely and with less scrutiny than white inmates.
 
 
 6
 The district court dismissed Sligar's complaint under 28 U.S.C.1915(d) as frivolous because it found that Sligar's complaint had failed to allege any facts to support his conclusions and noted that Sligar failed to submit an essay as part of the prison exemption application. The district court determined that Sligar could make no argument that the prison grooming regulations as applied to him constituted a violation of his Free Exercise rights, using the balancing test for the deprivation of prisoners' constitutional rights set out in Turner v. Safley, 482 U.S. 78, 89-91 (1987).[2] The court did not address Sligar's arguments regarding alleged deprivation of his rights to due process and equal protection.
 
 
 7
 We review a district court's dismissal of a complaint as frivolous under 1915(d) using the abuse of discretion standard. A claim is frivolous only when it is "based on an 'indisputably meritless legal theory' " or when its factual allegations are "clearly baseless." Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Factual allegations are "clearly baseless" only if they are "fantastic" or "delusional." Id. The "district court is to weigh the allegations in favor of the in forma pauperis plaintiff." Id. A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).
 
 
 8
 We believe that the district court did not abuse its discretion by dismissing Sligar's complaint as frivolous. Sligar is currently unable to obtain a ruling on his request for an exemption from the grooming code because he refuses to complete an application for exemption by submitting an essay explaining the nature and sincerity of his religious beliefs. He claims that the process of subjecting him to this type of scrutiny denies him his free exercise rights. However, we have held that a prison has a valid penological interest in ensuring the sincerity of the beliefs of prisoners who desire exemptions from grooming codes for religious reasons. Mosier v. Maynard, 937 F.2d 1521, 1526 (10th Cir.1991).[3] "Without question, the prison may determine whether plaintiff's beliefs are sincere, meaning whether they are 'truly held and religious in nature.' ... A religious belief which is not sincerely held or a belief which is purely secular does not require the prison to consider accommodation." Id. (quoting Martinelli v. Dugger, 817 F.2d 1499, 1504 (11th Cir.1987), cert. denied, 484 U.S. 1012, 108 S.Ct. 714 (1988)). The prison surely is entitled to request an essay from a prisoner who is seeking a religious exemption in order to evaluate the sincerity of the prisoner's beliefs.[4]
 
 
 9
 We thus agree with the district court that Sligar's claim regarding the constitutionality of the Oklahoma grooming code exemption process is frivolous. Further, until he has been denied an exemption from the grooming code, we cannot say that the Oklahoma prison has violated any rights to free expression or equal protection that Sligar may have.
 
 
 10
 The district court's order dismissing Sligar's complaint as frivolous is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Turner Court articulated a reasonableness test. "Several factors inform the reasonableness inquiry: (1) whether a valid and rational connection exists between the policy and a legitimate governmental interest advanced as a justification; (2) whether, notwithstanding the policy, alternative means exist for the prisoner to exercise the right; (3) what effect an accommodation would have on guards, inmates and prison resources; and (4) whether an alternative is available which would accommodate the prisoner's rights at a de minimus cost to valid penological interests." Mosier v. Maynard, 937 F.2d 1521, 1525 (10th Cir.1992) (citing Turner v. Safley, 482 U.S. 78, 89-91 (1987))
 
 
 [3]
 In Maynard, we held that there was a genuine issue of material fact as to whether that exemption process, a predecessor of the current process at issue in this case, was unconstitutional because it imposed too large a burden on prisoners to prove sincerity. Mosier, 937 F.2d at 1727. Sligar does not allege that any of the particular features of the present grooming code exemption process are unconstitutional, but merely complains about having to go through the process at all. Further, he alleges no facts and makes no more than a conclusory statement that the present exemption process violates due process
 
 
 [4]
 Reasonable accommodations would have to be made for prisoners who have an inability to prepare a written essay, but that is not an issue in this case